*177 OPINION.
Phillips :
The question presented for our determination is whether the income, or any part of the income of the trust funds, is taxable to the petitioner. The provisions of the Revenue Act of 1918, so far as applicable, are as follows;
Sec. 219. (a) That tbe tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—
[[Image here]]
*178 (2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;
(3) Income held for future distribution under the terms of the will or trust; and
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212 * * * and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary’s distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.
(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary * * *. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.
(d) In cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable years * * *.
The provisions of subdivision (a) of section 219 of the Revenue Act of 1921 are the same as those of the same subdivision of the 1918 Act. The remaining subdivisions of the 1921 Act, so far as material, are as follows:
(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212 * * *. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.
(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary * * *.
(d) In cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not
[[Image here]]
(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an *179 additional deduction in computing tlie net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.
The principles to be applied in determining whether income from a trust fund is taxable to the fiduciary or to the beneficiary have been laid down by the Board in the cases of William E. Scripps, 1 B. T. A. 491, and Mary L. Barton, 5 B. T. A. 1008. Those cases arose under the same Acts with which we are here concerned. There we held that income which was properly accumulated was taxable to the fiduciary while income which was properly distributed or distributable was taxable to the beneficiary.
It is unnecessary to repeat here the reasons which led us to these conclusions.
Substantially the same conclusion was reached by the Circuit Court of Appeals of the Eighth Circuit in Willcuts v. Ordway, 19 Fed. (2d) 911, where it is held that the beneficiary and not the fiduciary is taxable upon so much of the income as is severed from the trust estate so that it no longer forms any part thereof. In its opinion the Court said:
In eacb of these Acts, the intent is that annual income to a particular beneficiary from a trust estate shall be taxed to him as a separate unit of taxation where that income is “ distributed ” to him. “ Distribution ”, as there used, does not necessarily mean passing into the uncontrolled possession or disposition of the beneficiary. It means separation and segregation from the trust fund so that it no longer forms any part or parcel thereof. The test set up by the statute is whether the income passes from the trust estate which produced it and ceases to be subject to the terms and control of that trust. If this trust instrument authorized such incomes to be so separated and segregated and they were so treated in fact, the Oommissioner was in error and the trial Court properly overruled the demurrer to this petition and entered judgment for the refund.
The Commissioner held that because the petitioner could receive the income of the trust funds by making a written request therefor, the entire income is taxable to her, and determined the deficiency accordingly. This position can not be Sustained. The trust instruments all provided that the income should be added to the principal. To this extent such income was accumulated for unascertained persons or persons with contingent interests. There was the further provision that upon written request (by the settlor in one case and' by the petitioner in the others) certain portions of the income were to be paid to the petitioner. Any such request constituted the exercise *180 of a power which, to the extent that such power was validly exercised, removed such income from the provision for accumulation and made it distributable. Such distributable income was thereupon severed from the trust property and was taxable to the beneficiary under the provisions of section 219, quoted above. So much as was not distributable pursuant to the exercise of the power given .by the trust instrument, remained a portion of the trust property, taxable to the fiduciary.
Nor can the petitioner be sustained in her contention that the trusts fall within paragraph (a) (2) of section 219, and that no part of the income is taxable to the beneficiary.
At the time the trusts were created and as the income was received from time to time, it may be that the ultimate beneficiary was uncertain but to the extent that the power was exercised within the year, this uncertainty was removed and the beneficiary became known.
With respect to the “ insurance trusts ” petitioner contends that even though the power was exercised to require payment of all' the available income, her interest would still be contingent because it was not until surplus income was “ found to be unnecessary for the payment of said premiums ” that any amount became distributable. Unquestionably the duty to determine whether the retention of surplus income was necessary or unnecessary for that purpose rested upon the trustees, and until that duty was performed there was no distributable income. The determinations of the trustees are factors to be considered before we may arrive at the available income upon which the petitioner may exercise the power granted her to demand payment of such income, but when the trustees have made their determination and the petitioner has exercised the power, her interest is no longer contingent.
Reviewed by the Board.

Decision will he entered on W days' notice, under Rule 50.